IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENISE MAMMOS,

                              OPINION AND ORDER

            Plaintiff,

                              13-cv-59-bbc

    v.

WYNDHAM VACATION RESORTS, INC.,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Denise Mammos (now Denise Lopez) is suing her former employer, defendant Wyndham Vacation Resorts, Inc., for failing to give her overtime pay in accordance with the Fair Labor Standards Act and Wisconsin labor law.  Plaintiff has filed a motion for summary judgment on the following issues:

    (1) plaintiff's job as a podium presenter qualified for overtime pay under the FLSA and Wisconsin law;

    (2) while working as a podium presenter, plaintiff worked more than 40 hours in a week without receiving overtime pay;

    (3) while working as a frontline sales representative, plaintiff worked more than 40 hours in a week without receiving overtime pay;

    (4) defendant failed to keep records of the hours plaintiff worked as required by the FLSA;

    (5) plaintiff is entitled to liquidated damages for defendants' failure to give her overtime pay while she was working as a podium presenter; and

    (6) plaintiff is entitled to liquidated damages for defendants' failure to give her

overtime pay while she was working as a frontline sales representative.

In its opposition brief, defendant does not respond to plaintiff's first argument that her job as a podium presenter qualified for overtime pay, so I will grant her motion as to that issue. (Plaintiff did not seek summary judgment on the question whether her job as a frontline sales representative qualified for overtime pay, presumably because the parties did not dispute that issue even when plaintiff filed the lawsuit.) I am denying plaintiff's motion in all other respects for her failure to show that there are no genuine issues of material fact. Fed. R. Civ. P. 56.

OPINION

A. Overtime

From November 2008 until at least July 2010 and then again in 2012, plaintiff worked as a frontline sale representative for defendant, selling timeshares. Her responsibilities included giving tours of the time share units and giving "sales pitches" to potential customers. From July 2010 to March 2012 and from July 2012 to September 2012, plaintiff worked as a "podium presenter" for defendant. Among her duties in this job was giving group presentations about the time shares.

At this point, the parties agree that, under the Fair Labor Standards Act and Wisconsin law, defendant was required to pay plaintiff one and a half times her normal rate of pay for any time she worked more than 40 hours in a particular week, regardless whether she was working as a frontline sales representative or as a podium presenter. 29 U.S.C. §

207(a); Wis. Stat. § 103.02.  Neither side suggests that there are any relevant differences between state and federal law for the purpose of plaintiff's motion and neither side cites any Wisconsin case law in their briefs, so I will look to federal case law for guidance in deciding the motion.

Because plaintiff is not seeking summary judgment on the amount of damages, the question raised by plaintiff's motion is whether the undisputed facts show that she did not receive overtime pay for working more than 40 hours during any week while she was a frontline sales representative and any week while she was a podium presenter.  This question can be broken down into three parts:  (1) whether plaintiff ever worked more than 40 hours in a week for either job; (2) if so, whether defendant had actual or constructive knowledge of this, Kellar v. Summit Seating Inc., 664 F.3d 169, 177-78 (7th Cir. 2011); and (3) if so, whether plaintiff received overtime pay for the week in question.  With respect to both of her jobs, plaintiff has failed to show the absence of any disputed facts on the first and second parts of the question, so I need not consider the third part.

1.  Frontline sales representative

To show that she worked more than 40 hours in a week while she was a frontline sales representative, plaintiff does not rely on defendant's time records.  It seems to be undisputed that the records do not show that she worked overtime.  However, plaintiff argues that the records are inaccurate and she cites several types of evidence in her brief to support her view.

First, plaintiff cites her own testimony about the duties she performed.  Plt.'s PFOF

3

¶¶ 43-56, dkt. #13.  However, that testimony is not helpful because she never establishes how those duties added up to more than 40 hours in a particular week.

Next, she cites her own testimony that she "typically" began working between 7:30 a.m. and 9:00 a.m. and "there were days" that she worked until 11:00 p.m., id. at ¶ 41, that her managers told her to punch out to keep her recorded hours under 40, id. at ¶ 34, and that she "typically" worked six days a week during summer months, id. at ¶ 42.  Even if I assume that plaintiff's testimony is sufficient to support a judgment in her favor, she cites no authority for the proposition that a court should disregard time records if an employee testifies that they are inaccurate.  Rather, the competing evidence shows that there are disputed issues of fact that must be resolved at trial.

Finally, plaintiff cites several work-related emails that she sent after she had punched out for the day.  Id. at ¶ 33.  Although the emails are evidence that plaintiff was not paid for all of her time, that is not the relevant question under the FLSA.  Because plaintiff never ties the discrepancies between the time records and the emails to a showing that she worked more than 40 hours in a particular week, they do not show that she is entitled to judgment as a matter of law.

Plaintiff cites new evidence in her reply materials, but it is well established that parties may not make new arguments or cite new evidence in the context of a summary judgment motion when the opposing party does not have an opportunity to respond.  Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009); Narducci v. Moore, 572 F.3d 313, 324 (7th Cir. 2009).  Accordingly, I am denying plaintiff's summary judgment motion as to

4

this claim.

2. Podium presenter

Plaintiff relies on her own testimony to show that she worked more than 40 hours a week while she was a podium presenter. In particular, she says that she worked an average of 60 to 65 hours a week. Plt.'s PFOF ¶ 15, dkt. #13. This claim starts out stronger because defendant does not cite any time clock records to dispute plaintiff's testimony. (Plaintiff says that defendant was not tracking her time because it incorrectly classified the job as exempt from the requirements of the FLSA. Defendant does not provide an explanation, except to suggest that plaintiff was violating company policy by not using the time clock.) Defendant cites other evidence in an attempt to dispute plaintiff's testimony, but I need not decide whether defendant's evidence is sufficient to create a genuine issue of material fact. Regardless whether it is undisputed that plaintiff worked more than 40 hours a week, the problem with this claim is that, in her opening brief, plaintiff ignores the question whether defendant had actual or constructive knowledge that she was working overtime, which is one of the requirements of her claim. Kellar, 664 F.3d at 177-78 ("[T]he FLSA stops short of requiring the employer to pay for work it did not know about, and had no reason to know about."). Again, plaintiff addresses this issue in her reply brief, but that was too late. Accordingly, I am denying plaintiff's summary judgment motion as to this claim as well.

5

B. Record Keeping

Under 29 U.S.C. § 211(c), employers are required to "make, keep, and preserve" records of the hours their employees work. Although plaintiff does not argue that she has a separate cause of action under § 211(c), she asks the court to find that defendant violated the provision so that "defendant has the burden to disprove any reasonable estimate of damages offered by plaintiff." Plt.'s Br., dkt. #14. She relies on Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), in which the Supreme Court considered how an employee may prove her case when the employer's records are incomplete or inaccurate. The Court stated that, once an employee "produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference," the burden shifts to the employer to produce evidence of the precise amount of work performed or to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. at 687-88.

As discussed above, defendant denies that its time records are inaccurate, so I cannot decide as a matter of law whether Anderson applies. Although it is undisputed that plaintiff generally did not use a time clock while she was working as a podium presenter, defendant says that other evidence reflects plaintiff's time, such as their "tour reception reports." Because plaintiff did not address that evidence until her reply brief, I cannot grant summary judgment on this issue.

C. Liquidated Damages

An employee is entitled to liquidated damages for violations of the FLSA unless the

6

employer can show both that it acted in "good faith" and that it had "reasonable grounds" for believing that it was acting lawfully. 29 U.S.C. §§ 216(b) and 260. Because I am denying plaintiff's motion for summary judgment as to liability, it follows that I must deny her motion for summary judgment on the question whether she is entitled to liquidated damages.

ORDER

IT IS ORDERED that plaintiff Denise Mammos's motion for summary judgment, dkt. #12, is GRANTED with respect to the issue that plaintiff's job as podium presenter qualified for overtime pay under the Fair Labor Standards Act and Wisconsin law. The motion is DENIED in all other respects.

Entered this 14th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge